**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES PLONSKER, Plaintiff, | Case No. 08 CV 3305 (Removal from Cook County Circuit Court, Case No. 08 CH 18254) |
| v. | Judge Joan Humphrey Lefkow |
| NATIONAL ASSET RECOVERY SERVICES, INC. Defendant. | Magistrate Judge Maria G. Valdez |

**ANSWER AND DEFENSES**

**NOW COMES** Defendant National Asset Recovery Services, Inc. by and through its undersigned counsel, and for its Answer and Defenses, states as follows:

**Nature of the Case**

1. This is an action for declaratory judgment pursuant to 735 ILCS 5/2-701 of the Illinois Code of Civil Procedure seeking a declaration of the parties rights and obligations with respect to a commission provision contained within an Employment Agreement.

**ANSWER: Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.**

**The Parties**

2. James Plonsker is an individual residing in Lake County, Illinois and doing business in Cook County, Illinois.

**ANSWER: Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.**

3. NARS is a Missouri corporation authorized to do business in Delaware and Illinois.

**ANSWER: Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint and avers that its State of incorporation is Missouri and its principal place of business is located in St. Louis County, Missouri.**

## Jurisdiction and Venue

4. Jurisdiction is proper in this court pursuant to 735 ILCS 5/2-209(a) and (b) in that NARS does business in the State of Illinois.

**ANSWER: Defendant admits the basis upon which Plaintiff brought this suit in Cook County, Illinois, but denies that Plaintiffs are entitled to any relief.**

5. The venue is proper in Cook County, Illinois pursuant to 735 ILCS 5/2-101 in that the acts giving rise to this cause of action occurred in Cook County, Illinois and NARS does business in Cook County, Illinois.

**ANSWER: The allegations contained in Paragraph 5 contain legal conclusions which Defendant is not required to admit or deny. Accordingly, Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.**

## Facts Common to All Counts

6. James Plonsker is an individual residing in Lake County, Illinois employed in the position of Vice President Sales effective October 10, 2005 pursuant to the terms of an Employment Agreement.

**ANSWER: Defendant admits that James Plonsker resides in Lake County, Illinois and was employed in the position of Vice President Sales effective October 10, 2005 and avers that his employment ended May 1,**

**2008. Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.**

7. NARS is a corporation conducting business operations in furtherance of providing other entities with customer service, sales, and recovery of assets. NARS solicits and services clients in all areas of the United States including the State of Illinois, County of Cook.

**ANSWER: Defendant admits that the allegations contained in Paragraph 7 of Plaintiff's Complaint.**

8. In or around October 3, 2005, Plonsker became an employee of NARS and started providing sales services for NARS at the NARS office located in Highland Park, Illinois.

**ANSWER: Defendant admits that on or about October 3, 2005, Plaintiff became an employee of NARS and started providing sales services for NARS. Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.**

9. NARS prepared an Employment Agreement for Plonsker, executed that agreement and tendered to Plonsker on October 3, 2005 a copy of the Employment Agreement. Plonsker executed the Employment Agreement on October 12, 2005. A copy of the executed Employment Agreement is attached *as* Exhibit A.

**ANSWER: Defendant admits that NARS prepared an Employment Agreement for Plonsker, that NARS tendered to Plonsker on October 3, 2005 an unsigned copy of the Employment Agreement, that Plonsker executed the Employment Agreement on October 12, 2005 and that a copy of that document signed only by Plonsker is attached as Exhibit A to**

**Plaintiff's Complaint. Defendant denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint and avers that it did not sign and execute the Employment Agreement.**

10. Following the commencement of his Employment Agreement, Plonsker began his job duties as a finder of business without customer support obligations.

**<u>ANSWER</u>: Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.**

11. As a portion of the Employment Agreement, Plonsker was to receive a base salary plus commissions for his sales efforts. See agreement at Exhibit A, par. 1.

**<u>ANSWER</u>: Defendant admits that Plaintiff accurately recites a portion of the document attached at Exhibit A which stated that Plonsker was to receive a base salary and commissions as compensation. Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.**

12. Specifically, the Employment Agreement states as follows:

> "Commissions. Plonsker shall receive the following commissions for his sales efforts:
>
> (a) Four percent of all revenues produced in the first year of each contract signed during the six months of his employment with NARS and for any proposals issued to the potential clients during the first six months of employment that become a signed contract at any time during Plonsker's first year of employment.

(b) Two percent of all revenue produced during the second year of each contract signed during the initial six month term of employment with NARS and for any proposals issued to potential clients during the first six months of employment that became signed contracts at any time during Plonsker's first year of employment.

(c) One percent of all revenue produced during the third year of each contract signed during the initial six month term of employment with NARS and for any proposals issued to potential clients during the first six months of employment that became a signed contract at any time during Plonsker's first year of employment.

(d) To qualify for this consideration, both Plonsker and NARS must certify the legitimacy of all proposals issued during the first six months of his employment and

(e) After the initial six months of employment, Plonsker's commission plan will be consistent with the NARS sales commission plan currently under review.

**ANSWER: Defendant admits that Plaintiff has accurately quoted a portion of the document attached to Plaintiff's Complaint as Exhibit A Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.**

13. Since commencing employment with NARS, Plonsker has tendered contracts executed by client to NARS and has received the requisite percentage of revenue as outlined in the commissions portion of his Employment Agreement.

**ANSWER: Defendant admits that Defendant has paid Plaintiff certain commissions consistent with portions of the document attached to Plaintiff's Complaint as Exhibit A.  Defendant denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.**

14. NARS paid to Plonsker commissions on the 15th day of each month for his sales efforts at the percentage and rate as outlined within the Employment Agreement.

**ANSWER: Defendant admits that Defendant has paid Plaintiff certain commissions consistent with the commissions portion of the document attached to Plaintiff's Complaint as Exhibit A and has done so on or about the 15th day of each month. Defendant denies the remaining allegations contained in Paragraph 14.**

15. At no time did NARS alter, amend or otherwise change Plonsker's commission plan from that which is included within the Employment Agreement.

**ANSWER: Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.**

16. On May 1, 2008 without prior notice and without cause, NARS discharged Plonsker from his position of employment as Vice President Sales.

**ANSWER: Defendant admits that Defendant discharged Plaintiff effective May 1, 2008. Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.**

17. At that time, Plonsker sought from NARS payment of those commissions which were due or would become due in the future related to his Employment Agreement.

**ANSWER: Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.**

18. As part of that Separation Agreement and General Release which was tendered to Plonsker on May 2, 2008, NARS specifically denied owing to Plonsker any and all commissions due under his Employment Agreement. A true and correct copy of the tendered Separation Agreement and General Release is attached hereto as Exhibit B.

**ANSWER: Defendant admits that the Separation Agreement attached as Exhibit B to Plaintiff's Complaint does not specifically provide for payment of commissions pursuant to his Employment Agreement. Plaintiff denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.**

19. Plonsker did not sign the Separation Agreement and General Release and refused to so sign the Separation Agreement and General Release. Since that time, NARS has refused to comply with the express language of the Employment Agreement and has denied Plonsker his usual commissions for work performed in the normal course of business as Vice President of Sales which occurred between October, 2005 and May, 2008.

**ANSWER: Defendant admits that Plaintiff did not sign the Separation Agreement and General Release attached as Exhibit B of Plaintiff's Complaint. Defendant denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.**

**COUNT I - BREACH OF CONTRACT AS TO COMMISSIONS**

20. Plonsker realleges paragraphs 1-19 above as and for paragraph 20 of this Count 1 as if fully stated herein.

**ANSWER: Defendant incorporates by reference its answers to Paragraphs 1 through 19 as if fully stated herein.**

21. Plonsker and NARS executed an Employment Agreement specifically providing for the mandatory payment of commissions for his sales efforts made by Plonsker.

**ANSWER: Defendant denies the allegations contained in Paragraph 21.**

22. The Employment Agreement mandates that Missouri law shall control the interpretation and construction of the Employment Agreement.

**ANSWER: Defendant admits that Plaintiff has accurately quoted a portion of the document attached to Plaintiff's Complaint as Exhibit A.**

23. At all times there was in effect a statute commonly known as Sec. 407.912, Missouri Statute Annotated. Specifically that statute states: "When a commission becomes due shall be determined in the following manner: (1) the written terms of the contract between principal and sales representative shall control; ... (3) when the contract between a sales representative and a principal is terminated, all commissions then due shall be paid within thirty days of such termination. Any and all commissions which become due after the date of such termination shall be paid within thirty days of becoming due."

**ANSWER: Defendant admits that Plaintiff has accurately quoted a portion of Section 407.912, Missouri Statute Annotated. To the extent the allegations contained in Paragraph 23 are not admitted, then they are denied.**

24. At all times herein, Plonsker was a sales representative as defined within Missouri law recognizing commission employees.

**ANSWER: The allegations contained in Paragraph 24 contain legal conclusions which Defendant is not required to admit or deny. Accordingly, Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.**

25. At all times herein Plonsker's job duties require that he act as a finder of business in which he is to find a customer and thereafter has no further duty to the customer as far as servicing or maintaining a relationship.

**ANSWER: Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.**

26. Plonsker complied with all elements of his Employment Agreement by finding business, bringing it to NARS so that NARS can service the business.

**ANSWER: Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.**

27. The four corners of the Employment Agreement are to be construed against the drafter and in favor of Plonsker and demonstrates the manner of payment of commissions for sales efforts so that parole evidence is not necessary.

**ANSWER: The allegations contained in Paragraph 27 contain legal conclusions which Defendant is not required to admit or deny. Accordingly, Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.**

28. There is an actual and justifiable controversy between the parties which may be determined by a judgment order of this court. Pursuant to the terms of 735 ILCS 5/2-701, this court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the Employment Agreement.

**ANSWER: The allegations contained in Paragraph 28 contain legal conclusions which Defendant is not required to admit or deny.**

**Accordingly, Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.**

WHEREFORE, the Plaintiff, James Plonsker, respectfully requests this court to find and declare as follows:

(a) The written Employment Agreement is a valid contract;

(b) NARS is obligated to comply with the terms of the Employment Agreement;

(c) Plonsker is entitled to the commissions as provided within the Employment Agreement for the term as outlined to and through three years following the signing of each and every contract;

(d) Grant any other such relief as this Court deems just and equitable.

**29. Defendant states that Plaintiff is not entitled to any relief or recovery under his Complaint and Defendant denies all allegations made in Plaintiff's Complaint to the extent not specifically admitted by Defendant herein.**

## DEFENSES

Defendant makes the following affirmative and other defenses to Plaintiffs' Complaint:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred by the Statute of Frauds, Missouri Revised Statute Section 432.010. The document attached at Exhibit A, that Plaintiff contends is an Employment Agreement and upon which he relies, would create contractual entitlements to commission compensation that cannot be completed or satisfied within one year. This document was never executed by Defendant, the party against whom the Agreement would be charged; therefore, the Employment Agreement is unenforceable.

**THIRD DEFENSE**

Assuming the document attached to Plaintiff's Complaint at Exhibit A is an enforceable Employment Agreement, Plaintiff has no further entitlement to payments thereunder because he has failed to satisfy conditions precedent to further payments. The principal term of any contracts that produced revenue upon which Plaintiff would have had an entitlement to commissions have now expired.

**FOURTH DEFENSE**

Plaintiff fails to satisfy conditions precedent to receipt of payment of commissions or other compensation after termination of employment because Defendant's policies and procedures for payment of commissions and bonus compensation required Plaintiff to be employed at the time the commissions are paid for any such amounts to be payable. Upon Plaintiff's termination of




employment from Defendant, therefore, Plaintiff's entitlement to commission payments ended.

**FIFTH DEFENSE**

Plaintiff was an at will employee and his entitlement to further compensation and commissions, therefore, ended upon his termination of employment from Defendant.

**SIXTH DEFENSE**

Plaintiff failed to properly and appropriately perform his services as Vice President for Defendant and, as a result, was properly terminated from employment and breached any employment agreement that he had which would have entitled him to obtain further commissions; accordingly, he had no any entitlement to commissions after termination from employment.

Respectfully submitted,

**NATIONAL ASSET RECOVERY SERVICES, INC.**

By: /s/Donald J. Vogel
One of its Attorneys

Donald J. Vogel, ARDC # 6191438
Sara L. Pettinger, ARDC # 6204647
Adam C. Smedstad, ARDC # 6210102
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 West Monroe Street, Suite 600
Chicago, Illinois 60603
Main: (312) 255-7200
Facsimile: (312) 422-1224
dvogel@scopelitis.com

Stanley G. Schroeder, App. Pending
William L. Lawson, App. Pending
THE LOWENBAUM PARTNERSHIP
222 South Central Avenue, Suite 901
St. Louis, Missouri 63105
Main: (314) 863-0092
Direct: (314) 746-4835
Facsimile: (314) 746-4848
sschroeder@lowenbaumlaw.com
wlawson@lowenbaumlaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 18th day of June, 2008 served a true and correct copy of the foregoing through the electronic case filing system of the United States District Court for the Northern District of Illinois to the following counsel:

Tracy E. Stevenson
Robbins, Salomon & Patt, Ltd.
25 East Washington Street, Suite 1000
Chicago, IL 60602

and via First Class U.S. Mail to:

Andres J. Gallegos
Robbins, Salomon & Patt, Ltd.
25 East Washington Street, Suite 1000
Chicago, IL 60602

/s/Donald J. Vogel