**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES PLONSKER, | ) | |
| | ) | Case No. 08 CV 3305 |
| Plaintiff, | ) | (Removal from Cook County Circuit Court, |
| | ) | Case No. 08 CH 18254) |
| vs. | ) | |
| | ) | Hon. Judge Joan Humphrey Lefkow |
| NATIONAL ASSET RECOVERY | ) | |
| SERVICES, INC., | ) | Magistrate Judge Maria G. Valdez |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ANSWERS TO DEFENSES**

Now comes the Plaintiff, James Plonsker, by his attorneys, Robbins, Salomon & Patt, Ltd. and for his answers to Defendant's defenses, states as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**ANSWER:** Plaintiff denies the allegations complained of in Defendant's first defense.

**SECOND DEFENSE**

Plaintiff's claims are barred by the Statute of Frauds, Missouri Revised Statute Section 432.010. The document attached at Exhibit A, that Plaintiff contends is an Employment Agreement and upon which he relies, would create contractual entitlements to commission compensation that cannot be completed or satisfied within one year. This document was never executed by Defendant, the party against whom the Agreement would be charged; therefore, the Employment Agreement is unenforceable.

**ANSWER:** Plaintiff denies the allegations contained within Defendant's second defense.

BM3730
07/17/08

**THIRD DEFENSE**

Assuming the document attached to Plaintiff's Complaint at Exhibit A is an enforceable Employment Agreement, Plaintiff has no further entitlement to payments thereunder because he has failed to satisfy conditions precedent to further payments. The principal term of any contracts that produced revenue upon which Plaintiff would have had an entitlement to commissions have now expired.

**ANSWER**   Plaintiff denies the allegations contained within Defendant's third defense.

**FOURTH DEFENSE**

Plaintiff fails to satisfy conditions precedent to receipt of payment of commissions or other compensation after termination of employment because Defendant's policies and procedures for payment of commissions and bonus compensation required Plaintiff to be employed at the time the commissions are paid for any such amounts to be payable. Upon Plaintiff's termination of employment from Defendant, therefore, Plaintiff's entitlement to commission payments ended.

**ANSWER:**   Plaintiff denies the allegations contained within Defendant's Fourth Defense.

**FIFTH DEFENSE**

Plaintiff was an at will employee and his entitlement to further compensation and commissions, therefore, ended upon his termination of employment from Defendant.

**ANSWER:**   Plaintiff denies the allegations contained within Defendant's Fifth Defense.

**SIXTH DEFENSE**

Plaintiff failed to properly and appropriately perform his services as Vice President for Defendant and, as a result, was properly terminated from employment and breached any employment agreement that he had which would have entitled him to obtain further commissions; accordingly,

he had no any entitlement to commissions after termination from employment.

      **ANSWER:**    Plaintiff denies the allegations contained within Defendant's sixth defense.

/s/<u>Tracy E. Stevenson</u>
Robbins, Salomon & Patt, Ltd.
25 East Washington Street, Suite 1000
Chicago, IL   60602
312-782-9000
ARDC No. 06207780
e-mail: testevenson@rsplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2008, I electronically filed the foregoing Answer to Defenses with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Donald Joseph Vogel
dvogel@scopelitis.com

Adam Carl Smedstad
asmedstad@scopelitis.com

Sara L. Pettinger
spettinger@scopelitis.com

/s/<u>Tracy E. Stevenson</u>
Robbins, Salomon & Patt, Ltd.
25 East Washington Street, Suite 1000
Chicago, IL   60602
312-782-9000
ARDC No. 06207780
e-mail: testevenson@rsplaw.com